## ABIGAIL HARTMAN
### v.
## CHRISTOPHER HARTMAN.

*Divorce—Cruelty.*

This court holds as erroneous the verdict for the defendant, the refusal to set the same aside, and the dismissal of complainant's bill praying for a divorce upon the ground of extreme and repeated cruelty.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. HOPKINS & HAMMOND, for plaintiff in error.

Mr. ISAAC C. EDWARDS, for defendant in error.

C. B. SMITH, P. J. This was a bill filed by plaintiff for a divorce from her husband, Christopher Hartman. The grounds upon which a divorce was asked was extreme and repeated cruelty. The bill alleged that the defendant had been guilty of beating, striking, kicking and choking complainant, neglect and refusal to furnish complainant and her children with necessary food and clothing, threats to take complainant's life and the lives of her children, the constant use of profane and obscene language to the complainant, false charges of lewd and licentious conduct, and the frequent use of opprobrious epithets and application of vile names to his wife.

The defendant answered, denying the cruelty. The cause was heard by a jury, and a verdict finding the defendant not guilty as charged in the bill. A motion was made for a new trial by complainant and overruled by the court and a decree rendered dismissing the bill. Complainant now brings the record here for review and asks for a reversal of the decree.

We think the finding of the jury and the refusal of the court to set aside the verdict and in dismissing the bill, is clearly and grossly wrong.

The evidence is perfectly overwhelming of the infamous and brutal conduct of the defendant toward his wife. Every charge in the bill is clearly sustained by the proof. The defense of condonation was not made out. The verdict and decree was a travesty on justice.

The decree of the court will be set aside and the cause remanded with directions to the court to set aside the verdict and grant the complainant a decree of divorce at the costs of the defendant, and make suitable and just provisions for alimony for the wife, and award her the custody of her children. The court will also vest the full title of the complainant's land in her free from dower or homestead of the husband, and put her in the exclusive possession of the same.

*Reversed and remanded with directions.*